IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PAUL DESAI; JAYMINE ENTERPRISE, INC.; KAJAL PROPERTIES, LLC; NPHD, INC.; and RAJ HOTELS LIMITED, INC., Plaintiffs, v. DAVID BROOKS; DAVID KIMITCHECK; ASHFORD FINANCIAL CORP.; ASHFORD FINANCIAL GROUP, INC.; CLARK NEW JERSEY HOTEL, L.P.; OMAHA NEBRASKA HOTEL, L.P., Defendants. | Case No. 06-4046-CV-C-NKL |

ORDER

Pending before the Court is Defendants' Motion to Dismiss [Doc. # 10], and the Corporate Plaintiffs' Motion to Amend Claim and to Conduct Jurisdictional Discovery [Doc. # 21]. For the reasons set forth below, the Motion to Dismiss will be granted and the Motion to Amend denied.

**I.     Procedural Posture**

On January 30, 2006, Plaintiff Paul Desai ("Desai"), who is not a licensed attorney, filed this action *pro se* in Missouri state court on behalf of himself and four Corporate Plaintiffs. His Complaint names six primary Defendants and several more "Third Party Defendants." It appears only the six primary Defendants were served.

1

Those Defendants removed the action to federal court on the basis of diversity and then moved to dismiss for (1) lack of personal jurisdiction, (2) the absence of legal representation for the Corporate Plaintiffs, and (3) a Nebraska statute of limitations. Desai filed a Response to their Motion on behalf of all Plaintiffs, but he also retained counsel for the Corporate Plaintiffs in an attempt to cure the problem of their impermissible representation by a non-attorney. Counsel for the Corporate Plaintiffs filed his own Response to Defendants' Motion to Dismiss and requested the Court's leave to conduct jurisdictional discovery and amend the Complaint accordingly. In a subsequent telephone conference the parties agreed that before any jurisdictional discovery was conducted, the Court should rule on the statute of limitations issue and whether the absence of corporate counsel at the time of filing is curable or simply voids the entire complaint as to the Corporate Plaintiffs.

## II. Factual Background

Desai alleges the following facts in his pro se complaint, which the Court accepts as true for the purposes of ruling on Defendants' Motion to Dismiss. In October 1999, Desai[1] signed a contract with Defendants to purchase the Omaha Hotel in Omaha, Nebraska, for $3,100,000. Defendants represented to Desai that the Omaha Hotel was free of any liens or mortgages. At the closing on April 26, 2000, Defendants executed a

---

[1]The Complaint and briefing on the Motion to Dismiss refer to the Corporate Plaintiffs as Desai's companies. It is not clear whether Desai signed the contract solely in his capacity as a representative of the Corporate Plaintiffs or if he purchased an interest in the hotel himself. For the sake of simplicity, the Court refers to all Plaintiffs collectively as "Desai" and distinguishes the Corporate Plaintiffs only where necessary.

2

Special Warranty Deed asserting that they held marketable title to the property and that it was free of all encumbrances.

At the same time, Desai also executed a Franchise Agreement with "third-party defendant" Ramada Franchise Services; however, the franchiser suspended reservation services and marketing for the Omaha Hotel less than two months later. Desai then hired a real estate broker who found another buyer for the hotel and Desai entered into a contract to sell with that buyer. A subsequent title search revealed the existence of three unreleased mortgages totaling $10,000,000. These mortgages had priority over Desai's own mortgages, and the new buyer backed out of the deal. Desai contacted the Defendants and demanded that they cure all encumbrances on the hotel's title. Defendants failed to oblige and Desai lost the Omaha Hotel in bankruptcy.

**III. Discussion**

    **A. Choice of Laws**

This dispute concerns promises made in a contract for the sale of real property. In forming that contract, the parties agreed to the following choice of laws provision in § 16.9, which Desai does not dispute: "This Agreement is made and entered into in the City of Omaha, Douglas County, Nebraska, and its interpretation, validity and performance shall be governed by the laws of the state of Nebraska." Under the plain language of the contract, Nebraska state law controls this case.

    **B. Desai's Claims**

3

It is not clear how many Counts are offered in Desai's complaint, though there are two distinct sections. The first section heading alleges "Breech of Warranty Deed, Misrepresentation, Fraud, Wrongful Conduct" by the primary Defendants. The second section heading reiterates the same caption as the first, and also charges the "third party defendants" with "Breech of Franchise Agreement, Fraud, deceit, Wrongful Conduct, Misrepresentation, Conspiracy with Defendants and Conveyance of defective and slandered title to the Hotel causing damage to the Plaintiff Breach of Warranty Deed, Misrepresentation, Fraud, Wrongful Conduct." Both section headings end with the phrase, "'SOLD THE OMAHA HOTEL WITH DIRTY & CLOUDED TITLE AFTER CONVEYING THE PLAINTIFF THAT THE SUBJECT HOTEL TITLE IS SIMPLE FREE AND CLEAR.'" Moreover, the facts alleged in both sections charge that the Defendants conveyed the Omaha Hotel to Desai by means of a Warranty Deed pledging that the Hotel's title was clear and free of all encumbrances when, in fact, it was still subject to over $10,000,000 in outstanding mortgages. Thus, the gravamen of Desai's complaint is breach of the Warranty Deed. Counsel for the Corporate Plaintiffs attempts to recast the Complaint as sounding in fraud; however, fraud must be pleaded with particularity under Fed. R. Civ. P. 9(b). Since the complaint does not satisfy the particularity requirements of Rule 9, the Court construes the well-pleaded complaint to raise only a single Count against the moving Defendants for breach of a warranty deed.

A Warranty Deed may contain one or more covenants of title, including the covenants of (1) seisin, (2) right to convey, (3) freedom from encumbrances, (4) warranty,

(5) quiet enjoyment, and (6) further assurances. *Omega Chem. Co. v. Rogers*, 524 N.W.2d 330, 334 (Neb. 1994) (citing 6A RICHARD R. POWELL, THE LAW OF REAL PROPERTY, para. 900[1] at 81A). Relevant to the present suit is the covenant against encumbrances, which "promises the grantee that no encumbrances, liens, or servitudes exist against the land as of the date of the conveyance." *Id.* Assuming, as both parties seem to do without specific reference to the instrument, that the Special Warranty Deed in this case contains a covenant against encumbrances, any action for the breach of such covenant is subject to Nebraska's five year statute of limitations.

Neb. Rev. Stat. § 25-205(1), provides that "an action upon a specialty, or any agreement, contract, or promise in writing, or foreign judgment, can only be brought within five years." The Nebraska Supreme Court "has long held that an action for damages for breach of a covenant of warranty contained in a deed conveying land is an action upon a specialty and must be brought within 5 years after the cause of action accrues." *Omega Chem.*, 524 N.W.2d at 334. The same five-year statute of limitations "applies in actions for damages for breach of a covenant against encumbrances." *Id.* "A covenant against encumbrances is broken when made if an encumbrance exists, and the grantee's right of action against the grantor accrues at once thereon." *Id.* Desai alleges that the outstanding mortgages on the Omaha Hotel existed as of April 26, 2000, when the Warranty Deed was executed; thus, his cause of action for breach of the covenant against encumbrances accrued at closing on April 26, 2000. Desai filed his suit in Missouri state court on January 30, 2006, more than five years after his claim for breach

5

accrued. The Court therefore concludes that any claim on the Warranty Deed or the underlying contract is time-barred by Neb. Rev. Stat. § 25-205(1).

Although the Court has construed Desai's complaint as alleging breach of a Warranty Deed rather than fraud, the outcome would be no different if Desai had pleaded a count for fraud instead. Nebraska has a four-year statute of limitations for fraud, with any such cause of action accruing upon discovery of the fraud. Neb. Rev. Stat. § 25-207(4). In his Brief in Opposition to Defendants' Motion to Dismiss, Desai admits that he discovered the defects in the Hotel's title on January 29, 2001. Since he filed his complaint more than four years later, any claim for fraud would also have been time-barred.

## IV. Conclusion

As the Court is dismissing the complaint on statute of limitations grounds, it need not decide the remaining issue of whether Desai's original filing on behalf of the Corporate Plaintiffs is curable or void *ab initio*. Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss [Doc. # 10] is GRANTED; it is further

ORDERED that Corporate Plaintiffs' Motion to Amend Claim and to Conduct Jurisdictional Discovery [Doc. # 21] is DENIED as MOOT.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 22, 2006
Jefferson City, Missouri